**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Steven Grabda**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Innovative Manufacturing Solutions, Inc.**, an Arizona Corporation, **IMS Acquisition, LLC**, an Arizona Limited Liability Company, **Frank Encinas and Jane Doe Encinas**, a Married Couple, and **Frank Encinas Jr. and Jane Doe Encinas II**, a Married Couple, | |
| Defendant. | |

Plaintiff, Steven Grabda ("Plaintiff"), sues the Defendants, Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II (collectively, "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

2

seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.");

and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

3

4

5

6

7

8

9

10

11

    2.       The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

12

13

    3.       The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

14

15

16

    4.       The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

17

**JURISDICTION AND VENUE**

18

19

20

21

22

23

24

25

    5.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

26

27

    6.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

2

Defendants regularly conduct business in and have engaged in the wrongful conduct

alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

3

**PARTIES**

4

5

7.      At all material times, Plaintiff is an individual residing in Pima County,

6

Arizona, and is a former employee of Defendants.

7

8.      At all material times, Defendant Innovative Manufacturing Solutions, Inc.

8

was a corporation duly licensed to transact business in the State of Arizona.  At all

9

10

material times, Defendant Innovative Manufacturing Solutions, Inc. does business, has

11

offices, and/or maintains agents for the transaction of its customary business in Pima

12

County, Arizona.

13

9.      Defendant Innovative Manufacturing Solutions, Inc. is an Arizona

14

15

corporation, authorized to do business in the State of Arizona and is at all relevant times

16

Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17

10.      Under the FLSA, Defendant Innovative Manufacturing Solutions, Inc. is an

18

employer.  The FLSA defines "employer" as any person who acts directly or indirectly in

19

20

the interest of an employer in relation to an employee.  At all relevant times, Defendant

21

Innovative Manufacturing Solutions, Inc. had the authority to hire and fire employees,

22

supervised and controlled work schedules or the conditions of employment, determined

23

the rate and method of payment, and maintained employment records in connection with

24

25

Plaintiff's employment with Defendants.  As a person who acted in the interest of

26

Defendants in relation to the company's employees, Defendant Innovative Manufacturing

27

Solutions, Inc. is subject to liability under the FLSA.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

11.    At all material times, Defendant IMS Acquisition, LLC was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant IMS Acquisition, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

12.    Defendant IMS Acquisition, LLC is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13.    Under the FLSA, Defendant IMS Acquisition, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant IMS Acquisition, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant IMS Acquisition, LLC is subject to liability under the FLSA.

14.    Defendant Frank Encinas and Jane Doe Encinas are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Frank Encinas and Jane Doe Encinas are owners of Defendant Innovative Manufacturing Solutions, Inc. IMS Acquisition, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

-4-

1

2

3

4

5

6

7

8

9

10

11

12

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

15.    Under the FLSA, Defendants Frank Encinas and Jane Doe Encinas are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Frank Encinas and Jane Doe Encinas are the owners of Defendant Innovative Manufacturing Solutions, Inc. and IMS Acquisition, LLC At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Frank Encinas and Jane Doe Encinas are subject to individual liability under the FLSA.

16.    Defendant Frank Encinas Jr. and Jane Doe Encinas II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Frank Encinas Jr. and Jane Doe Encinas II are owners of Defendant Innovative Manufacturing Solutions, Inc. IMS Acquisition, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

17.    Under the FLSA, Defendants Frank Encinas Jr. and Jane Doe Encinas II are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Frank Encinas Jr. and Jane Doe Encinas II are the owners of Defendant Innovative Manufacturing Solutions, Inc. IMS Acquisition, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Frank Encinas Jr. and Jane Doe Encinas II are subject to individual liability under the FLSA.

18.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19.     Defendants, and each of them, are sued in both their individual and corporate capacities.

20.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21.     At all relevant times, Plaintiff was an "employee" of Innovative Manufacturing, Inc., Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II.

23.     At all relevant times, Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

24.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II.

25.     At all relevant times, Plaintiff was an "employee" of Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and. Frank Encinas Jr. and Jane Doe Encinas II as defined by the Arizona A.R.S. § 23-350, et seq.

26.     At all relevant times, Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encias, and Frank Encinas Jr. and Jane Doe Encinas II were and continue to be "employers" as defined by A.R.S. § 23-350.

27.     At all relevant times, Plaintiff was an "employee" of Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II as defined by A.R.S. § 23-362.

28.     At all relevant times, Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II were and continue to be "employers" as defined by A.R.S. § 23-362.

29.     Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30.     Plaintiff, in his work for Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr.

1

2

and Jane Doe Encinas II, was employed by an enterprise engaged in commerce that had

annual gross sales of at least $500,000.

3

4

5

6

7

31.    At all relevant times, Plaintiff, in his work for Defendants Innovative

Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe

Encinas, and Frank Encinas Jr. and Jane Doe Encinas II, was engaged in commerce or the

production of goods for commerce.

8

9

10

11

12

32.    At all relevant times, Plaintiff, in his work for Defendants Innovative

Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe

Encinas, and Frank Encinas Jr. and Jane Doe Encinas II, was engaged in interstate

commerce.

13

14

15

16

17

33.    Plaintiff, in his work for Defendants Innovative Manufacturing Solutions,

Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr.

and Jane Doe Encinas II, regularly handled goods produced or transported in interstate

commerce.

18

## **NATURE OF THE CLAIM**

19

20

21

34.    Defendants owns and/or operates as Innovative Manufacturing Solutions,

an enterprise located in Maricopa County, Arizona.

22

23

24

25

35.    Plaintiff was hired by Defendants as a general manager and worked for

Defendants between approximately September 2018 and April 1, 2019, when Plaintiff

left his employment with Defendants.

26

27

36.    Defendants compensated Plaintiff at a rate of $130,000.00 annually, paid

on a weekly basis.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-8-

37.     During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 60 hours per week.

38.     Despite having worked approximately 60 hours in his final week of work for Defendants, Defendants paid Plaintiff no wages whatsoever for the entire duration of the final week of his employment.

39.     As a result of not having paid any wage whatsoever to Plaintiff for the final week of his employment with Defendants, Plaintiff was not compensated on a salary for that workweek.

40.     As a result of not having paid any wage whatsoever to Plaintiff for the final week of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

41.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

42.     As a result of not having paid any wage whatsoever to Plaintiff for the final week of his employment with Defendants, Defendants failed to pay the applicable overtime wage rate to Plaintiff for all hours he worked in excess of 40 in a given workweek.

43.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for all hours he worked in excess of 40 during the final week of his employment, Defendants have violated 29 U.S.C. § 207(a).

-9-

44.    As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMWA, A.R.S. § 23-363.

45.    As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMA, A.R.S., § 23-351.

46.    Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

47.    Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

48.    Defendant have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours worked during his regular workweeks.

49.    Plaintiff is a covered employee within the meaning of the FLSA.

50.    Plaintiff is a covered employee within the meaning of the AMWA.

51.    Plaintiff is a covered employee within the meaning of the AWA.

52.    For his final week of work for Defendants, Plaintiff was a non-exempt employee.

53.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

-10-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

55.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

56.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

57.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, and interest under A.R.S § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during each of the final week of his employment.

60.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

-11-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

61.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Steven Grabda, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

62.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.    Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them, including for time Plaintiff spent working in excess of 40 hours, in the final week of his employment.

64.    Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime wage rate for hours worked in excess of 40 during the final week of his employment violates the FLSA, 29 U.S.C. § 207(a).

65.    Plaintiff is therefore entitled to compensation for the full applicable overtime wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Steven Grabda, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

G.    For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.    Violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

    ii.    Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

-13-

1

2

H.     For the Court to award Plaintiff's unpaid overtime wage damages, to be

determined at trial;

3

4

5

I.     For the Court to award compensatory damages, including liquidated

damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

6

J.     For the Court to award prejudgment and post-judgment interest;

7

8

9

10

K.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

forth herein;

11

L.     Such other relief as this Court shall deem just and proper.

12

13

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

14

15

66.     Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

16

17

18

19

67.     Defendants willfully failed or refused to pay Plaintiff any wages

whatsoever for any of the hours that Plaintiff worked for them during the final week of

his employment.

20

21

68.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the

required minimum wage rate violates the AMWA, A.R.S. § 23-363.

22

23

24

25

69.     Plaintiff is therefore entitled to compensation for the full applicable

minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as

liquidated damages, together with interest, reasonable attorney's fees, and costs.

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-14-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiff, Steven Grabda, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

    A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

         i.     Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

         ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

    B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

    C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

    D.     For the Court to award prejudgment and post-judgment interest;

    E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

    F.     Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES OWED**

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

71.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of his employment.

72.     Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

73.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Steven Grabda, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B.     For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest;

D.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action;

E.     Such other relief as this Court shall deem just and proper.

1

**JURY TRIAL DEMAND**

2      Plaintiff hereby demands a trial by jury on all issues so triable.

3

4      RESPECTFULLY SUBMITTED this 16th Day of March, 2020.

5                                          BENDAU & BENDAU PLLC

6                                                  By: /s/ *Christopher J. Bendau*
7                                                  Clifford P. Bendau, II
                                                   Christopher J. Bendau
8                                                  *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-17-